IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALLCAPCORP, LTD, CO. d/b/a ALLEGIANCE CAPITAL CORPORATION,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:17-CV-757-L** |
| **CHC CONSULTING, LLC,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant CHC Consulting, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23), filed July 10, 2017. After considering the motion, briefs, pleadings, and applicable law, the court **denies** Defendant CHC Consulting, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23).

### I. Factual and Procedural Background

Plaintiff Allcapcorp, Ltd. Co. d/b/a Allegiance Capital Corporation ("Plaintiff" or "Allcap") originally brought this action against Defendant CHC Consulting, LLC ("Defendant" or "CHC") on March 6, 2017, in the 191st Judicial District Court, Dallas County, Texas, seeking a declaratory judgment regarding the validity and enforceability of the parties' September 2014 Engagement Agreement ("Agreement") and Defendant's obligation under the Agreement to pay a success fee. Defendant removed the case to federal court on March 15, 2017, based on diversity jurisdiction. On March 31, 2017, Defendant moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On the same date, Defendant filed counterclaims against Plaintiff for negligent

misrepresentation and breach of contract. In addition, Defendant requested a declaratory judgment regarding the parties' rights and obligations under the Agreement. On May 24, 2017, Defendant amended its counterclaims but did not add any new claims for relief. On January 24, 2018, the court denied as moot Plaintiff's motion to dismiss Defendant's counterclaims in light of Defendant's amended pleading.

On April 19, 2017, Plaintiff filed its Amended Complaint, which mooted Defendant's prior motion to dismiss. In its Amended Complaint, Plaintiff again seeks a declaratory judgment regarding the parties' respective rights and obligations under the Agreement and adds claims for relief based on theories of breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. Both parties seek to recover damages, attorney's fees, and prejudgment and postjudgment interest. On July 10, 2017, Defendant moved to dismiss the claims in Plaintiff's Amended Complaint under Rule 12(b)(6).

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)

(quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Discussion

Defendant contends that California law governs the parties' Agreement and their rights and duties under the Agreement. Defendant asserts that Allcap's request for declaratory judgment fails as a matter of law because Allcap has not pleaded that a valid and enforceable contract exists under California law. In particular, Defendant contends that Allcap has failed to plead that it possessed

the requisite broker's license under California law at the time the Agreement was entered. Defendant contends that, absent such a license, Allcap cannot enforce the Agreement under California law and applicable exemptions do not apply. Defendant further asserts that, even if the Agreement is enforceable, Allcap seeks a declaration that it possesses rights under the Agreement that are not provided for in the Agreement. Defendant contends that Allcap's breach of contract claim fails because, while it alleges that it is entitled to recover damages and attorney's fees as a result of Defendant's breach of the Agreement, it fails to identify any specific amount of monetary damages it actually suffered as a result of Defendant's repudiation of the Agreement, which Defendant contends is an indispensable element of Allcap's contract claim. Defendant contends that, under California law, Plaintiff's alternative requests for relief based on theories of quantum meruit, promissory estoppel, and unjust enrichment are contrary to public policy or fail because of California's licensure requirement. Finally, Defendant contends that Plaintiff's request for attorney's fees should be dismissed because it is predicated solely on the Texas Declaratory Judgment Act.

Plaintiff responds that its request for declaratory relief is proper and facially plausible, which is sufficient at the pleading stage. Plaintiff contends that resolution of many of the matters raised by CHC, including those pertaining to Allcap's request for declaratory relief, contract claim, and request for equitable relief, involve disputed fact issues that would require the court to prematurely rule on the merits of its claims. Plaintiff disagrees that the licensure requirement referenced by CHC applies and contends that CHC has not established, as a matter of law, that California law applies. Plaintiff maintains that, regardless of whether California or Texas law applies, it has stated a valid contract claim based on CHC's repudiation or anticipatory breach of the Agreement. Regarding damages and its contract claim, Plaintiff asserts that, at the pleading stage, it is not required under Federal Rule of Civil Procedure 8 to prove or even allege a specific amount of damages, and its

**Memorandum Opinion and Order – Page 5**

allegations that it suffered damages as a result of CHC's refusal to perform under the Agreement and failure to pay the promised success fee are sufficient. Plaintiff asserts that, contrary to CHC's contention, its request for attorney's fees is not based solely on the Texas Declaratory Judgment Act; rather, its request for attorney's fees, expenses, and costs is also sought pursuant to the parties' Agreement, Chapter 38 of the Texas Civil Practice and Remedies Code, and to the extent allowed by law.

The court agrees with Plaintiff, and after considering CHC's Motion to Dismiss, the parties' briefs, pleadings, and the legal standard applicable to motions to dismiss under Rule 12(b)(6), it determines that the allegations in Plaintiff's Amended Complaint are sufficient at this juncture to raise a right to relief against CHC above the speculative level, such that Allcap may be entitled to the relief sought against CHC. The court also agrees that a number of issues raised by CHC involve disputed facts that would require the court to prematurely delve into the merits of the claims. Accordingly, resolution of the matters presented is better suited for summary judgment or trial. The court, therefore, **denies** Defendant CHC Consulting, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23).

## IV. Conclusion

For the reasons stated, the court **denies** Defendant CHC Consulting, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23).

**It is so ordered** this 22nd day of February, 2018.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge